1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DWAYNE B. BURNS,                           No.  2: 21-cv-2147 KJN P

12                 Petitioner,

13          v.                                   ORDER

14    ERIC MAGRIHI,

15                 Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

19          Review of the petition shows that petitioner failed to exhaust state court remedies.

20    Petitioner represents that the one claim raised in the petition (ineffective assistance of counsel)

21    has not been presented to the California Supreme Court.

22          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

23    writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

24    explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

25    not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

26    highest state court with a full and fair opportunity to consider all claims before presenting them to

27    _____

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C.
28    § 2254(b)(2).

                                                  1

1    the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

2    1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

3              However, "a district court has the discretion to stay and hold in abeyance fully

4    unexhausted petitions under the circumstances set forth in Rhines."  Mena v. Long, 813 F.3d 907,

5    912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269) (2005)).  Accordingly, the

6    undersigned provides petitioner an opportunity to move for a stay under Mena and Rhines.

7              A district court may properly stay a habeas petition and hold it in abeyance pursuant to

8    Rhines v. Weber, 544 U.S. 269 (2005).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

9    Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an

10   unexhausted claim to the state courts.  Rhines, 544 U.S. at 277.  Assuming the petition itself has

11   been timely filed, such a stay "eliminates entirely any limitations issue with regard to the

12   originally unexhausted claims, as the claims remain pending in federal court[.]"  King, 564 F.3d

13   at 1140.  A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a

14   failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially

15   have merit; and (3) there as been no indication that petitioner has been intentionally dilatory in

16   pursuing the litigation.  Rhines, 544 U.S. at 277-78.  Although good cause does not require

17   "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a

18   failure to exhaust in light of the Supreme Court's instructions in Rhines that the district court

19   should only stay mixed petitions in 'limited circumstances.'"  Wooten v. Kirkland, 540 F.3d

20   1019, 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)).  The

21   Ninth Circuit has further rejected a "broad interpretation of 'good cause.'"  Wooten, 540 F.3d at

22   1024.  Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse,

23   supported by sufficient evidence, to justify that failure."  Blake v. Baker, 745 F.3d 977, 982 (9th

24   Cir. 2014).

25             Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and

26   abeyance in which he sets forth good cause for failure to exhaust his claim prior to filing his

27   current federal habeas corpus petition; that his unexhausted claim is meritorious; and that he has

28   not been dilatory in proceeding on his claim.

1         In accordance with the above, IT IS HEREBY ORDERED that:

2         1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted; and

3         2.  Petitioner is granted thirty days from the date of this order to file a motion for stay and

4 abeyance.  Petitioner is warned that failure to file a motion for stay and abeyance within the

5 court's deadline will result in a recommendation that this action be dismissed as unexhausted.

6 Dated:  December 27, 2021

7

8                               KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14 Burns2147.100

15

16

17

18

19

20

21

22

23

24

25

26

27

28