UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>                  Petitioner,<br><br>      v.<br><br>ERIC MAGRIHI,<br><br>                  Respondent. | No.  2: 21-cv-2147 KJN P<br><br><br><br>ORDER |

     Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 27, 2021, the undersigned issued an order addressing the original petition.  (ECF No. 8.)  The undersigned found that petitioner's claim alleging ineffective assistance of counsel was not exhausted.  (Id.)   The undersigned granted petitioner thirty days to file a motion for stay and abeyance.  (Id.)

     On January 3, 2022, petitioner filed a notice of change of address and an amended petition. (ECF Nos. 9, 10.)  On January 10, 2022, the December 27, 2021 order was returned unserved.

     Good cause appearing, the undersigned herein addresses the amended petition.  The amended petition raises two claims:  insufficient evidence and ineffective assistance of counsel.  (ECF No. 10.)  The amended petition indicates that the insufficient evidence claim is exhausted because petitioner presented this claim to the California Supreme Court.  (Id. at 5.)  The amended

petition indicates that the ineffective assistance of counsel claim is not exhausted because petitioner did not present this claim to the California Supreme Court. (Id. at 5-6.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Two procedures are available to a habeas petitioner who wishes to stay a federal petition while exhausting unexhausted claims in state court — one provided for by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), and the other by Rhines v. Weber, 544 U.S. 269 (2005). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Under the Kelly procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under Kelly must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. King, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. King, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

discovered through the exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Under Rhines, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court.  King, 564 F.3d at 1139-40.  Unlike the Kelly procedure, however, Rhines requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition.  Rhines, 544 U.S. at 277-78; King, 564 F.3d at 1139.  In addition, a stay pursuant to Rhines is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay."  Id.

Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days to inform the court whether he intends to proceed on his exhausted insufficient evidence claim only or requests a stay of this action in order to exhaust his unexhausted ineffective assistance of counsel claim; if petitioner requests a stay of this action, petitioner shall file a motion to stay pursuant to Rhines or Kelly within thirty days of the date of this order.

Dated: January 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Burns2147.ord