UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS,<br><br>            Petitioner,<br><br>     v.<br><br>ERIC MAGRIHI,<br><br>            Respondent. | No.  2: 21-cv-2147 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  (ECF No. 12.)  For the reasons stated herein, the undersigned recommends that petitioner's motion to stay be denied.

Legal Standard for Motion to Stay

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).  Historically, federal courts dismissed mixed petitions.  See Rose, 455 U.S. at 522; Rhines, 544 U.S. at 274.  In 2005, the Supreme Court considered the propriety of staying a mixed petition.  In Rhines, the Court held that stay and abeyance of a mixed petition is available in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his

claims first in state court." 544 U.S. at 277. Even if a court finds good cause, however, a stay is inappropriate if the unexhausted claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or intentional delay." Id. at 278.

Under Rhines, then, a federal court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

Discussion

This action proceeds on petitioner's amended petition. (ECF No. 10.) Petitioner challenges his 2021 conviction for making criminal threats. (Id. at 2.) Petitioner is serving a three-year sentence. (Id.)

The amended petition raises two claims: insufficient evidence and ineffective assistance of counsel. (Id.) The amended petition indicates that the insufficient evidence claim is exhausted because petitioner presented this claim to the California Supreme Court. (Id. at 5.) The amended petition indicates that the ineffective assistance of counsel claim is not exhausted because petitioner did not present this claim to the California Supreme Court. (Id. at 5-6.)

In the pending motion, petitioner requests that this action be stayed so that he may exhaust his ineffective assistance of counsel claim. (ECF No. 12.) Petitioner contends that his claims have merit and that he acted diligently in pursuing this litigation. (Id. at 2.) Petitioner contends that he was not aware that a denial on direct review by the California Supreme Court was not sufficient to exhaust all remedies. (Id.) Petitioner contends that when he filed this action, he believed he had complied "with the AEDPA." (Id.)

For the reasons stated herein, the undersigned finds that petitioner failed to demonstrate good cause for his failure to exhaust his ineffective assistance of counsel claim.

In essence, petitioner argues that his ignorance of the law is good cause for a stay pursuant to Rhines. However, ignorance of the law does not constitute "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 981 (9th Cir. 2014) (ignorance of whether claim was exhausted not good cause); see also Mitchell v. Hedgepeth, 2015 WL 8567384, at *4 (C.D. Cal. Aug. 14,

2015) ("ignorance of the law does not constitute good cause" (collecting cases)), accepted by 2015 WL 8664149 (C.D. Cal. Dec. 11, 2015); Patton v. Beard, 2015 WL 1812811, at *5 (S.D. Cal. Apr. 20, 2015) (petitioner's being "layman at law" not good cause (collecting cases)).

The undersigned also observes that in the amended petition, petitioner contends that ineffective assistance of appellate counsel caused him to not raise his ineffective assistance of counsel claim on appeal. (ECF No. 10 at 5.) In particular, petitioner alleges, "The reasons for not making them on appeal can only be due to ineffective assistance of counsel." (Id.) For the reasons stated herein, the undersigned finds that the alleged ineffective assistance of appellate counsel is not good cause under Rhines.

In Blake v. Baker, 745 F.3d 977 (9th Cir. 2014), the Ninth Circuit held that a petitioner can show good cause under Rhines for a failure to exhaust a claim of ineffective assistance of trial counsel by satisfying the good cause standard announced in Martinez v. Ryan, 566 U.S. 1 (2012) ("Martinez"). Blake, 745 F.3d at 983-84. In Martinez, the Supreme Court endorsed an exception to the general rule that "ignorance or inadvertence" on the part of a petitioner's post-conviction counsel does not constitute cause to excuse a procedural default of a claim of ineffective assistance of trial counsel. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991) (stating general rule). The Martinez Court concluded that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 566 U.S. at 17. Applying Martinez to the Rhines context, Blake held that a petitioner can show good cause for a failure to exhaust by showing that the ineffectiveness of post-conviction counsel caused the failure to exhaust. See Blake, 745 F.3d at 983-84 (good cause under Rhines "cannot be any more demanding than a showing of cause under Martinez to excuse state procedural default"); see also Dixon v. Baker, 847 F.3d 714, 720-21 (9th Cir. 2017) (inmate's lack of counsel during state post-conviction proceedings constituted good cause for failure to exhaust).

////

1        Contrary to the instant action, Martinez and Blake concerned ineffective assistance by
2 state habeas counsel on collateral review, not appellate counsel on direct review.  For this
3 purpose, an attorney representing a criminal defendant in a state court appeal on direct review is
4 not "post-conviction" counsel.  Cf. Coleman v. Thompson, 501 U.S. at 752-57 (while petitioner
5 had a right to counsel on direct appeal from a criminal conviction, petitioner enjoyed no right to
6 counsel in state habeas "post-conviction" proceedings); Pennsylvania v. Finley, 481 U.S. 551,
7 555, 557 (1987) ("Postconviction relief...is a collateral attack that normally occurs only after the
8 defendant has failed to secure relief through direct review of his conviction"; prisoner has no
9 constitutional right to counsel "when attacking a conviction that has long since become final upon
10 exhaustion of the appellate process").  Neither Martinez nor Blake holds that the ineffective
11 assistance of appellate counsel, as distinguished from post-conviction (state habeas) counsel can
12 constitute good cause for a failure to exhaust under Rhines.  See Hernandez v. Gastelo, 2020 WL
13 5038936, at *3 (E.D. Cal. Aug. 26, 2020); Avalos v. Sherman, 2018 WL 5304855, at *5 n.9 (C.D.
14 Cal. Sept. 10, 2018), adopted, 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018) ("far from clear"
15 whether ineffective assistance of appellate counsel could constitute good cause under Rhines).

16        Moreover, assuming petitioner could base good cause on ineffective assistance of
17 appellate counsel, petitioner's "bare allegations" of ineffective assistance of appellate counsel are
18 not sufficient to demonstrate cause under Rhines.  Blake, 745 F.3d at 982 (a bald assertion cannot
19 amount to a showing of good cause).

20        The undersigned also observes that in the amended petition, petitioner alleges that he
21 suffers from mental illness and was not adequately treated for mental illness from the time of trial
22 until recently.  (ECF No. 10 at 6.)  Petitioner may argue good cause for a Rhines stay based on
23 mental illness.  However, for the reasons stated herein, the undersigned finds that petitioner has
24 not adequately demonstrated good cause based on his alleged mental illness.

25        "An assertion of good cause without evidentiary support will not typically amount to a
26 reasonable excuse justifying a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d at 982.
27 In Winn v. Foulk, 2015 WL 692269 (E.D. Ca. 2015), the court found that petitioner had not
28 presented sufficient evidence to support a finding of good cause for a Rhines stay based on

alleged mental illness. In Winn, the district court relied on the lack of documentary evidence and the fact that the petitioner had filed pro se habeas corpus petitions during the time he alleged he was unable to proceed due to mental illness. 2015 WL 692269 at *4.

The instant case is similar to Winn in that petitioner provides no documentary evidence demonstrating that mental illness prevented him from exhausting his ineffective assistance of counsel claim. The undersigned also observes that in the amended petition, petitioner alleges that he filed a habeas corpus petition in the Shasta County Superior Court, which the court denied on December 16, 2021. (ECF No. 10 at 6.) Petitioner's ability to file a habeas petition undermines any claim by petitioner that his mental illness prevented him from exhausting his ineffective assistance of counsel claim. Accordingly, the undersigned finds that the record does not demonstrate that petitioner's mental illness is a "reasonable excuse" for his failure to exhaust his ineffective assistance of counsel claim.

For the reasons discussed above, the undersigned recommends that petitioner's motion to stay this action be denied. Petitioner may either proceed with his exhausted insufficient evidence claim, or he may dismiss this entire action and refile his federal petition following exhaustion of his ineffective assistance of counsel claim. However, if petitioner opts to dismiss this entire action and refile following exhaustion of his ineffective assistance of counsel claim, he risks dismissal of both his ineffective assistance of counsel and insufficient evidence claims based on the statute of limitations or other procedural grounds.[1] Following adoption of these findings and recommendations, the court will order petitioner to inform the court how he intends to proceed.

In the event petitioner exhausted his ineffective assistance of counsel claim, he shall

---

[1] Title 28 U.S.C. § 2244(d) provides a one year statute of limitations governing habeas petitions filed by state prisoners. Section 2244(d)(1)(A) provides that the statute of limitations runs from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

notify the court in objections to these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 16, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Burns2147.156