UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE B. BURNS, | No. 2: 21-cv-2147 WBS KJN P |
| Petitioner, | |
| v. | ORDER |
| ERIC MAGRIHI, | |
| Respondent. | |

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 27, 2022, the Honorable William B. Shubb denied petitioner's motion to stay this action in order to exhaust an additional claim.  (ECF No. 15.)  For the reasons discussed herein, petitioner is ordered to inform the court how he wishes to proceed.

    This action proceeds on petitioner's amended petition raising two claims:  ineffective assistance of counsel; and insufficient evidence.  (ECF No. 10.)  Petitioner's ineffective assistance of counsel claim is not exhausted.  (Id.)

    Because the court denied petitioner's motion to stay, petitioner may either proceed with his exhausted insufficient evidence claim only, or he may dismiss this entire action and refile his federal petition following exhaustion of his ineffective assistance of counsel claim.  If petitioner opts to dismiss this entire action and refile following exhaustion of his ineffective assistance of counsel claim, he risks dismissal of both his ineffective assistance of counsel and insufficient

1  evidence claims based on the statute of limitations or other procedural grounds.[1]

2  Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall inform the court how he intends to proceed with this action. Failure to respond to this order will result in a recommendation of dismissal of this action.

Dated: July 12, 2022

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Burns2147.ord(3)

---

[1] 28 U.S.C. § 2244(d) provides a one year statute of limitations governing habeas petitions filed by state prisoners. Section 2244(d)(1)(A) provides that the statute of limitations runs from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.